UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 1:18-cr-035  LJO-SKO |
| Plaintiff, ) | |
| ) | CHANGE OF PLEA |
| vs. ) | |
| ) | |
| MICHAEL MARTIN, ) | |
| ) | |
| Defendants. ) | |

Fresno, California                    Friday, August 24, 2018


REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Government:       **KIRK SHERRIFF**
                          Assistant U.S. Attorney
                          2500 Tulare Street, Rm. 4401
                          Fresno, California  93721

For the Defendant:        CARRIE C. MCCREARY
                          Attorney At Law
                          7081 N. Marks Avenue, Ste. 104
                          Fresno, CA 93711
                          BY:  **CARRIE C. MCCREARY**



REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
 1  Friday, August 24, 2018                    Fresno, California
 2  8:30 a.m.
 3          THE COURT:  Let's call the case of United States
 4  versus Michael Martin, Action Number 35.
 5          Your appearances, please.
 6          MR. SHERRIFF:  Kirk Sherriff for the United States,
 7  your Honor.  Good morning.
 8          THE COURT:  Good morning.  And after the hearing, I
 9  have a quick question for you on something having nothing to
10  do on this case.
11          MR. SHERRIFF:  Sure.
12          MS. MCCREARY:  Good morning, your Honor.  Caroline
13  McCreary representing Mr. Martin, who is present, in custody.
14  BY THE COURT:
15  Q.  What is your name, please.
16  A.  Michael Martin.
17  Q.  My understanding, based on what's before me, is you want
18  to change your plea from not guilty to guilty this morning.
19  Is that what your understanding is as well?
20  A.  Yes, your Honor.
21  Q.  Do you read English?
22  A.  Yeah.
23  Q.  I have, I believe, your signature on the last page of the
24  plea agreement.  Do you recognize that as yours?
25  A.  Yes, sir.
```

1    **Q.**    That signature, to me, means that you have had a chance to
2    meet with your lawyer, to discuss this entire document with
3    her, and that, if you had questions, you asked her and she
4    answered to your satisfaction, and that you don't have more
5    questions about this plea agreement.
6         Is that what that signature means to you?
7    **A.**    Yes, sir.
8    **Q.**    When you went through this document, did you understand
9    the elements of Count 1, which is the crime to which I believe
10    you wish to plead?
11         MR. SHERRIFF: Your Honor, I have a correction before
12    the answer to that because we talked with Ms. McCreary before
13    the hearing. There is a correction to make on the elements
14    there on page 2.
15         There is a third element that's reflected in the
16    factual basis of the plea, but that's not listed in the
17    element section, and that is that the defendant inflicted
18    bodily injury on the victim.
19         THE COURT: Is it a mutual request that I
20    interlineate?
21         MR. SHERRIFF: Yes, your Honor.
22         MS. MCCREARY: One moment.
23       (Counsel conferred off the record.)
24         MS. MCCREARY: Yes, your Honor.
25         THE COURT: All right.

1          MR. SHERRIFF:  And, your Honor, if I may, there is
2   two corrections in the factual basis.  One was made by the
3   defense, noting that the defendant assaulted one Atwater
4   correctional officer.
5          THE COURT:  Yes, I see that.
6          MR. SHERRIFF:  And then the second correction --
7   which the government understands that is consistent with the
8   plea and agrees to that correction.
9          Then the other correction is that it was in the
10  County of Merced, not the County of Fresno.
11         THE COURT:  It's a mutual request that I change that
12  by interlineation as well?
13         MS. MCCREARY:  Yes.
14         THE COURT:  Done.
15         MR. SHERRIFF:  Thank you, your Honor.
16  BY THE COURT:
17  Q.  All right.  Did you hear what the U.S. attorney just said?
18  A.  Yes, I did.
19  Q.  Did you understand it?
20  A.  Yes, I did.
21  Q.  Do you agree to it?
22  A.  Yes, sir.
23  Q.  Okay.  Now, with regard to the elements of Count 1, do you
24  have any questions about what they mean?
25  A.  No, your Honor.

1   **Q.**   And do you understand the facts on page 4; do you
2   understand what they say?
3   **A.**   Yes, I do.
4   **Q.**   And are those true?
5   **A.**   Yes, sir.
6   **Q.**   And you understand that your maximum possible sentence in
7   this case is 20 years' imprisonment; $250,000 fine, or both;
8   term of supervised release, maximum of three years; mandatory
9   penalty assessment of a hundred dollars?
10  **A.**   Yes, your Honor.
11  **Q.**   And do you understand that you are giving up your right to
12  appeal?
13  **A.**   Yes.
14  **Q.**   And do you understand, finally, that restitution is an
15  issue that you are agreeing to?
16  **A.**   Yes.
17  **Q.**   Do you have any questions at all about this plea
18  agreement?
19  **A.**   No.
20  **Q.**   Do you understand that if you wanted to go to trial and
21  continue to plead not guilty, you could.  That's an option
22  that you have; do you know that?
23  **A.**   I understand.
24  **Q.**   And if that's what you decided, all you would have to do
25  is tell me.  I would set the matter for trial in a timely

1   fashion under the law.
2           You would be there at the trial.  So would your
3   lawyer, for you.
4           The government would have the burden of proving the
5   case against you.  They would attempt to meet the burden by
6   bringing in witnesses and evidence, and you would watch that
7   happen.  You would watch those witnesses testify against you,
8   and your lawyer would ask questions, it's called
9   "cross-examination," of those witnesses for you.
10          If you wanted to take the witness stand and testify,
11  you could.  If you didn't, nobody would use that against you
12  or, frankly, even comment on it.
13          You could bring in witnesses and evidence.  We would
14  help you get that here by the subpoena power of the Court, and
15  your trial would be open to the public, just like today's
16  hearing is.  Those are your trial rights.  Do you understand
17  them?
18  A.  Yeah.
19  Q.  Do you wish to give them up and plead guilty?
20  A.  Yeah.
21  Q.  Is anybody forcing you or threatening you in any way to
22  get you to do this?
23  A.  No.
24  Q.  Is anybody promising you something other than what's in
25  the plea agreement?

**A.** No.

**Q.** I'm not a part of the plea agreement. If I don't follow it, you cannot take your change of plea back. Do you understand that?

**A.** Yeah, I understand.

**Q.** I'm obligated to consider the federal guidelines in sentencing, but I'm not obligated to follow them, and if I don't, you cannot take your change of plea back. Do you understand that?

**A.** Yeah, I understand.

**Q.** Do you have any questions at all?

**A.** No, thank you.

**Q.** Okay.

    THE COURT: Is there any reason that I should not now take the change of plea?

    MS. MCCREARY: No, your Honor.

    MR. SHERRIFF: No, your Honor.

BY THE COURT:

**Q.** What I will do is I will read you this charge. If you don't understand something, or you just simply have a question that you can ask your lawyer in private, or you can ask me here on the record, I want you to interrupt because it is that important, but if you have an issue or question and you don't interrupt, we won't know you have a question. Fair enough?

**A.** Yeah.

1  **Q.**  Okay.  In the indictment, the Grand Jury charges you and
2  others, on or about October 6, 2017, in Merced County, State
3  and Eastern District of California, at a place within the
4  special maritime and territorial jurisdiction of the United
5  States; specifically, United States Penitentiary, in Atwater,
6  California, you knowingly did forcibly assault, impede,
7  intimidate, and interfere with an employee of the United
8  States Penitentiary, at Atwater, whose initial is "K," and did
9  cause bodily injury to this employee, as he was engaged in,
10 and on account of the performance of, his official duties, all
11 in violation of 18 United States Code section 111(a)(1) and
12 (b).
13         As to Count 1, how do you wish to plead, guilty or
14 not guilty?
15 **A.**  Guilty.
16         THE COURT:  The Court accepts the knowing,
17 intelligent, and voluntary waiver of rights, knowing,
18 intelligent, and voluntary change of plea.
19         And, and as a result, how does November 26th look?
20 That work?
21         MS. MCCREARY:  That's fine.
22         MR. SHERRIFF:  That's fine with the government, your
23 Honor.
24         THE COURT:  November 26th, 8:30?
25         MS. MCCREARY:  Yes.

```
1            MR. SHERRIFF:  Yes.
2            THE COURT:  Done.  Thank you.
3            MS. MCCREARY:  Your Honor, my client has been
4    requesting glasses, and he just reminded me that they are not
5    coming soon enough.  So could we extend the sentencing out?
6    Because I want to be able to sit down with him and discuss the
7    sentencing memorandum.
8            THE COURT:  Actually, I did set it out farther than I
9    ordinarily do.
10           MS. MCCREARY:  Is there any way?  Can we put it
11   into --
12           THE COURT:  Why don't we do this, let's leave it on
13   the date set, and if there continues to be that problem, where
14   they don't arrive, and you can't have time with him to go
15   through it, let us know, and we will move it out a week or
16   two.  How is that?
17           MS. MCCREARY:  All right.
18           THE DEFENDANT:  Thank you.
19           THE COURT:  We will be optimistic.
20           MS. MCCREARY:  Okay.  Thank you.
21           THE COURT:  Okay.
22       (The proceedings were concluded at 8:38 a.m.)
23
24
25
```

1       I, PEGGY J. CRAWFORD, Official Reporter, do hereby
2  certify the foregoing transcript as true and correct.
3
4  Dated:  20th of February, 2019     /s/ Peggy J. Crawford
                                       PEGGY J. CRAWFORD, RDR-CRR